| | |
|---|---|
| ABDIRISAK MOHAMED HIREY, | |
| Petitioner, | No. C25-4075-LTS-MAR |
| vs. | |
| KRISTI NOEM, et al., | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## I.   INTRODUCTION

This matter is before me on a petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an emergency motion (Doc. 4) for a temporary restraining order. Pursuant to my initial review order (Doc. 6), the respondents[1] have filed a response (Doc. 10) to both the petition and motion and Hirey has filed a reply (Doc. 17). Hirey also filed a notice (Doc. 18) of supplemental authority. Oral argument is not necessary. *See* Local Rule 7(c).

## II.   BACKGROUND

Hirey, a citizen of Somalia, entered the United States on October 31, 2024, and was detained shortly thereafter by Immigration and Customs Enforcement (ICE). Doc. 1 at 9-10. As an alien arriving in the United States, Hirey was served with an expedited removal order under 8 U.S.C. § 1225(b)(1)(A)(i). Hirey raised a fear of persecution and was referred for a credible fear interview. On December 13, 2024, the asylum office

---

[1] Although the response was filed on behalf of only the federal respondents, and not Chad Sheehan, the Woodbury County Sheriff (Doc. 10 at 2 n.1), this order will apply to all respondents.

determined that Hirey had not demonstrated a credible fear but on appeal, an immigration judge found that he had established a reasonable fear of persecution or torture in Somalia. *Id.* at 10; Doc. 1-4 at 2. On January 28, 2025, ICE issued an Interim Notice Authorizing Parole, authorizing a one-year parole. *Id.* at 5, 10; Doc. 1-2 at 1. Hirey was released from detention and filed an application for asylum on June 6, 2025. *Id.* at 10.

On December 2, 2025, ICE was looking for another individual when it encountered Hirey at his home in Minnesota and detained him. *Id.* at 2, 10. He was then transported to the Woodbury County, Iowa, Jail where he is detained while his immigration proceedings are pending.

Hirey asserts that he has no criminal history, has fully complied with his parole terms[2] and ICE has provided him with no notice or explanation for the early termination of his parole. *Id.* at 11; Doc. 4 at 2. He argues that his detention and parole termination violate the due process clause of the Fifth Amendment of the United States Constitution, the Immigration and Nationality Act and the Administrative Procedure Act (APA). Doc. 1 at 27-38. Hirey seeks immediate release from custody, an order to show cause why his detention is lawful, an order barring his transfer out of Iowa while this action is pending, an order enjoining respondents from re-detaining him and an order mandating 72 hours' notice before he is moved. *Id.* at 2, 25, 28-29; Doc. 4 at 2-3.

Respondents argue the court lacks jurisdiction to review the termination of Hirey's discretionary parole and that detention is mandated by 8 U.S.C. § 1225(b)(2)(B)(ii) and is per se constitutional.

### III. DISCUSSION

Respondents argue the court lacks jurisdiction to review discretionary agency actions, including the termination of discretionary parole, based on the following:

---

[2] Respondents dispute this, stating that Hirey violated the terms of his parole in April and May 2025 by failing to complete scheduled biometric check-ins. Doc. 10 at 4, Doc. 13-1 at 2.

2

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii).[3] They cite Section 1182(d)(5)(A) as the authority that gives the Secretary of Homeland Security (the Secretary) discretion over this type of action, which states the Secretary may:

> in h[er] discretion parole into the United States temporarily under such conditions as [s]he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). Respondents correctly note that parole may be automatically terminated in certain circumstances (departure or at the expiration of the time for which parole was authorized), and that "[i]n cases where termination of parole is not automatic, parole may also be terminated upon notice." Doc. 10 at 6 (citing 8 C.F.R. § 212.5(e)(2)(i)). They argue that both the decision and decision-making process are precluded from review. *Id.* at 9 (citing *Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024)). Additionally, when the statute provides discretion, a nondiscretionary regulation does not make an otherwise nonreviewable decision or action reviewable. *Id.* (citing *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)). In other words, because

---

[3] Respondents argue the APA similarly precludes review of agency actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

the statute provides discretionary authority to the Secretary to terminate parole, both the decision to terminate parole and the action of carrying out that decision are precluded from district court review according to respondents.

Hirey is not challenging the decision to terminate his parole. Rather, he challenges respondents' failure to (1) conduct an individualized or "case-by-case" analysis or (2) provide notice that the purposes of parole have been served as required by statute as well as failing to adhere to its own binding regulations. He notes that in analyzing section 1252(a)(2)(B)(ii), the Eighth Circuit has held:

> Even where a statute precludes judicial review of discretionary agency actions, court may review certain non-discretionary legal determinations that underlie an agency's exercise of unreviewable discretion. Such 'predicate legal questions' include, for example, whether statutory conditions precedent to the agency's authority to exercise discretion have been satisfied.

*Bremer v. Johnson*, 834 F.3d 925, 929 (8th Cir. 2016).

On January 9, 2026, the Eighth Circuit reviewed the scope of *Bremer* and clarified that Hirey's interpretation is overly broad. *See Fofana v. Noem et al.*, No. 24-2485, 2026 WL 72279 (8th Cir. Jan. 9, 2026).[4] In *Fofana*, the court considered whether it had jurisdiction to review the Secretary's decision denying the plaintiff's application for adjustment of status to lawful permanent resident. The Eighth Circuit relied on *Patel v. Garland*, 596 U.S. 328, 336 (2022), reasoning that like clause (i) under 8 U.S.C. § 1252(a)(2)(B), clause (ii) insulates a decision from review when a statute specifies that the authority to grant relief is in the discretion of the Secretary and that such decisions are not limited only to those that are "discretionary." *Id.* at *3 ("*Patel* establishes that the unreviewable decision – 'any decision,' like 'any judgment' – is not limited to a final

---

[4] Hirey argues *Fofana* was not a habeas case and therefore has little import. Given that the court was interpreting 8 U.S.C. § 1252(a)(2)(B), which explicitly lists 28 U.S.C. § 2241 as not affecting the discretionary nature of the Secretary's decisions, I disagree that *Fofana* has little import here.

4

discretionary decision but includes the Secretary's decision on all aspects of the application for adjustment."). The court rejected an argument that *Bremer* holds otherwise, noting that *Bremer* itself involved a predicate legal question that did not concern a "decision" by the Secretary, and stated:

> Insofar as prior decisions or language in *Bremer* regarding jurisdiction to make 'non-discretionary legal determinations' suggested a broader declaration, we clarify here the proper analysis in light of the Supreme Court's intervening decision in *Patel*.

*Id*.

Under *Fofana's* interpretation of § 1252(a)(2)(B) and *Patel*, it appears to be binding law in this circuit that judicial review is precluded with regard to *all* aspects of any decision for which the Secretary has discretionary statutory authority. Thus, this court lacks jurisdiction to determine whether Hirey's parole was lawfully terminated and this case must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein:

1. Hirey's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **dismissed for lack of jurisdiction**.

2. Hirey's motion (Doc. 4) for a temporary restraining order is **denied as moot**.

3. The Clerk shall enter judgment in favor of respondents and against Hirey.

**IT IS SO ORDERED** this 12th day of January, 2026.

_____
Leonard T. Strand
United States District Judge